652 A.2d 862

COMMONWEALTH of Pennsylvania, Appellant,

v.

Bruce JAMISON.

Superior Court of Pennsylvania.

Submitted Nov. 1, 1994.

Filed Jan. 12, 1995.

Ronald Eisenberg, Deputy Dist. Atty., Philadelphia, for Com.

John W. Packel, Asst. Public Defender, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE, and BECK, JJ.

OLSZEWSKI, Judge:

This case presents the question of whether a common pleas court retains jurisdiction in matters regarding parole when although the maximum aggregate sentence is two or more years, each component sentence imposed has a maximum of less than two years. Our answer today, as it has been each time this issue has come before us, is no.

Bruce Jamison was granted reparole from his incarceration for aggravated assault in the first degree. On December 12, 1989, Mr. Jamison hit a fruit and vegetable salesman in the head with a two-by-four. He was found guilty of aggravated assault, recklessly endangering another person, and possess-

ing an instrument of crime. Sentenced to three years' probation, he violated the terms and conditions of his probation on March 3, 1991, when he assaulted a police officer. For this act, the Honorable G. Craig Lord revoked probation and imposed a sentence of incarceration of six to twenty-three months. Mr. Jamison was paroled from that sentence on September 26, 1991. On December 5, 1991, he was convicted in Philadelphia municipal court of charges stemming from the March 1991 assault. Following a hearing on May 27, 1993, Judge Lord ordered Mr. Jamison to serve the remaining time imposed for his conviction of the 1989 assault, seventeen months and nineteen days. Mr. Jamison then took a *de novo* appeal to the court of common pleas for the 1991 assault, where he pled guilty to simple assault, recklessly endangering another person, and resisting arrest. The Honorable Nitza I. Alejandro Quinones sentenced him to three, three- to six-month concurrent sentences to be served consecutive to his sentence for the prior assault. The combined time of his sentences was now nine to twenty-nine months.

In January of 1994 the Parole Board denied Mr. Jamison's application for reparole from the sentence imposed for the first assault. He nevertheless filed a Petition for Parole/Early Parole/Reparole with the trial court. Judge Lord granted reparole on February 22, 1994. The Commonwealth now appeals.

▌ The Commonwealth argues that the trial court improperly usurped the exclusive statutory authority of the Parole Board by granting early parole.[1] We first note that when a sentence is ordered to be served consecutively with another being imposed or previously imposed, the two sentences are

1. The Commonwealth has or will have raised this same issue in appealing from the orders granting early parole in the following cases: *Commonwealth v. Hall*, Nos. 1380 and 1381 Philadelphia 1994; *Commonwealth v. Tilghman*, No. 1350 Philadelphia 1994; *Commonwealth v. Palmer Daley*, No. 1351 Philadelphia 1994; *Commonwealth v. Jack Glover*, Nos. 1449 and 1509 Philadelphia 1994; *Commonwealth v. Clifford Ferron*, Nos. 1660 and 1663 Philadelphia 1994; *Commonwealth v. Donald Brown*, No. 1943 Philadelphia 1994; *Commonwealth v. Richard Sanders*, No. 2258 Philadelphia 1994; *Commonwealth v. Marcellus Hopkins*, No. 2441 Philadelphia 1994.

automatically aggregated. *Commonwealth v. Harris,* 423 Pa.Super. 190, 197–99, 620 A.2d 1175, 1179, *allocatur denied,* 535 Pa. 668, 634 A.2d 1115 (1993). We also note that

> [u]nder Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole (Parole Board). When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the Parole Board. *See* 61 P.S. §§ 331.17, 331.21, 331.26; *see also* Wile, *Probation and Parole,* 58 Pa.B.A.Q. 119, 121 (1987); Wile, *An Overview of the Parole Revocation Process in Pennsylvania,* 92 Dickinson L.Rev. 1, 2–3 & n. 1 (1987).

*Commonwealth v. McDermott,* 377 Pa.Super. 623, 631, 547 A.2d 1236, 1239–40 (1988).

We stated in *Commonwealth v. Evola,* 421 Pa.Super. 595, 618 A.2d 969 (1992), *allocatur denied,* 535 Pa. 666, 634 A.2d 1114 (1993), and more recently in *Commonwealth v. Harris, supra,* that when such sentences are aggregated, the Parole Board maintains exclusive authority over parole matters as long as the aggregate maximum sentence equals or exceeds two years. *Harris,* 423 Pa.Super. at 197–99, 620 A.2d at 1179; *see also Evola,* 421 Pa.Super. at 599 n. 3, 618 A.2d at 971 n. 3 (holding that the court of common pleas has no authority to grant early parole when defendant's aggregate sentence for imposed consecutive sentences is two or more years); *McDermott,* 377 Pa.Super. at 631–33, 547 A.2d at 1240 ("The common pleas court loses its authority to parole an offender sentenced to a maximum term of less than two years when a subsequent sentence is imposed consecutively to the previous sentence and the new aggregate maximum sentence exceeds two years.") (citation omitted).

■ We based our holding in *Harris* on an application of *Gillespie v. Commonwealth Department of Corrections,* 106 Pa.Commw. 500, 527 A.2d 1061 (1987), *allocatur denied,* 518

Pa. 614, 540 A.2d 535 (1988), and *Commonwealth v. Ford–Bey,* 404 Pa.Super. 281, 590 A.2d 782 (1991); and on an interpretation of the clear statutory provisions of 61 P.S. Section 331.17. Both we and the Commonwealth Court in *Ford–Bey* and *Gillespie,* respectively, interpreted 42 Pa.C.S.A. Section 9757 to mandate the automatic aggregation of sentences once a consecutive sentence has been imposed.[2] Even when a sentence of two or more years is the result of such aggregation, however, 61 P.S. § 331.17 gives exclusive jurisdiction to the Parole Board.

> The [Parole Board] shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge all persons from parole heretofore or hereafter sentenced by any court of this Commonwealth to imprisonment in any prison or penal institution thereof. . . . Provided, however, That . . . the powers and duties herein conferred shall not extend to persons sentenced to a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses.

61 P.S. § 331.17 (footnote omitted). The decision, therefore, whether to parole prisoners whose aggregate maximum consecutive sentence imposed equals or exceeds two years is

2. "Whenever the court determines that a sentence should be served consecutively to one being imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9757. *See also Abraham v. Department of Corrections of the Commonwealth of Pennsylvania,* 150 Pa. Commw. 81, 615 A.2d 814 (1992), *aff'd,* 535 Pa. 122, 634 A.2d 214 (1993) (aggregating consecutive sentences is mandatory; since this is not discretionary with the trial court, this interpretation of 42 Pa.C.S.A. Section 9757 does not violate the separation of powers doctrine).

within the domain of the Parole Board, even if each and every individual component maximum sentence would have been less than two years. *Harris*, 423 Pa.Super. at 197–202, 620 A.2d at 1179–81. "Upon aggregation the trial court loses its authority over the aggregated sentence." *Id.* 620 A.2d at 1181.

The trial court relied upon the Commonwealth Court's opinion in *Abraham v. Department of Corrections of the Commonwealth of Pennsylvania*, 150 Pa.Commw. 81, 615 A.2d 814 (1992), *aff'd*, 535 Pa. 122, 634 A.2d 214 (1993), in supporting a contrary proposition to our holding in *Harris*. In *Abraham* the Commonwealth Court stated that "for the purpose of determining place of confinement and parole, a county sentence shall not be aggregated with any later-imposed sentence." *Id.* at 95, 615 A.2d at 820. The only issue in *Abraham*, however, was determining the proper place of confinement for prisoners whose aggregate maximum sentence is five or more years.[3] Because the court in *Abraham* was dealing with the situs of a prisoner's confinement, any reference to a determination of who has the authority over the decision to grant parole was *obiter dictum*.

We reaffirm our recent analysis of *Abraham:* "Decisions of the Commonwealth Court are not binding on this Court and should be followed only when the reasoning contained therein is persuasive. Based on our own analysis of the pertinent statutes ... we find that the Commonwealth Court's discus-

---

3.  The court in *Abraham* was applying 42 Pa.C.S.A. Section 9762 to cases where a prisoner's aggregate maximum consecutive sentence, as opposed to the individual component sentences imposed, equals or exceeds five years. This section reads:

    § 9762. Sentence Proceeding: place of confinement
    All persons sentenced for a total or partial confinement for:
    (1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement:
    (2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court:
    (3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Correction for confinement.

sion in *Abraham* was not only unnecessary but unpersuasive." *Harris,* 423 Pa.Super. at 207–08, 620 A.2d at 1184 (citation omitted). In *Harris* we held that the Commonwealth Court ignored "the plain meaning of the language of section 331.17." *Id.*

The only reason we revisit this issue is because our Supreme Court affirmed, *per curiam,* the order in *Abraham. Abraham v. Dept. of Corrections of Pennsylvania,* 535 Pa. 122, 634 A.2d 214 (1994). Appellees argue that this decision by the Supreme Court overruled, *sub silentio,* our decision in *Harris.* We disagree. "[A] *sub silentio* overruling will rarely be found to [be] ... intended." *Commonwealth v. Cragle,* 281 Pa.Super. 434, 422 A.2d 547, 549 (1980). The Supreme Court's ruling only affirmed, without opinion, the Commonwealth Court's order issued in *Abraham,* an order dealing strictly with assigning the appropriate (state or county) place of confinement. We do not believe that the Court intended to overrule *Harris. See Commonwealth v. Johnson,* 399 Pa.Super. 266, 272, 582 A.2d 336, 339 (1990) (refusing to find a holding overruled *sub silentio* when different issues were presented); *cf. Harris,* 423 Pa.Super. at 201–02, 620 A.2d at 1181 (finding that a sentencing court was not given power to parole a criminal defendant serving a five- to ten-year sentence by our Supreme Court's *per curiam* order issued in *Georgevich v. Court of Common Pleas of Allegheny County,* 510 Pa. 285, 507 A.2d 812 (1986), when that order did not mention this type of aggregate sentence). We hold that *Harris* is still fully applicable to cases such as the one here on appeal. The decision of whether or not to parole a person whose aggregate maximum consecutive sentence is equal to or exceeds two years is the Parole Board's, notwithstanding the fact that each of the individual component sentences had a maximum of less than two years.

Appellee was improperly granted an early parole. Order reversed. Remanded for proceedings consistent with this decision. Jurisdiction relinquished.