J-A25030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIMITRI MICHAEL HAMOUROUDIS | : | |
| | : | No. 3720 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence November 2, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007758-2011

BEFORE: OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 25, 2017**

Appellant Dimitri Michael Hamouroudis appeals from the judgment of sentence entered by the Court of Common Pleas of Bucks County after it revoked Appellant's parole and recommitted him to serve the balance of his original sentence. After careful review, we affirm.

On January 30, 2012, Appellant pled guilty to Theft by Unlawful Taking and Criminal Conspiracy in connection with his theft of numerous pieces of equipment, including an ATV, a generator, an air compressor, and other tools from an emergency vehicle maintenance business located in Lower Southhampton Township. Appellant was sentenced to serve one to twenty-three months' incarceration and was ordered to pay $7,656.00 in restitution, jointly and severally with his co-defendants. Appellant was ordered to submit

_____
* Former Justice specially assigned to the Superior Court.

to a drug and alcohol evaluation and to abide by the treatment recommendations. Appellant was granted parole on May 16, 2012.

Appellant's first parole violation hearing was held on February 12, 2014 due to Appellant's drug use and his failure to pay restitution. Appellant was found to be in violation of his parole and his parole was revoked. However, Appellant was immediately paroled with the condition that he pay restitution and participate in drug treatment.

On November 25, 2015, Appellant was found in violation of his parole for a second time on the basis that he continued to use drugs and refused to pay restitution. Although the lower court revoked his parole for these violations, it immediately paroled Appellant with the condition that he pay restitution and participate in drug treatment.

On March 16, 2016, an enhanced collection hearing was held with respect to Appellant's court-ordered restitution. Thereafter, Appellant's restitution payment was reduced to $25.00 per month. During 2016, Appellant made one payment of $77.00 towards restitution.

On November 2, 2016, Appellant's third parole revocation hearing was held due to Appellant's continued drug use and failure to pay restitution. At the hearing, Appellant admitted that he was employed at a Subway restaurant and was living at his parents' home. Appellant indicated that he did not pay his parents any rent but asserted that he helped out as much as he could. Appellant alleged that his family had financial problems because his mother suffered from an unspecified "reproductive disorder." N.T. 11/2/16, at 8.

When the revocation court asked Appellant how much he spends on marijuana each month, Appellant contended that he never pays for marijuana because his friends give it to him for free. In response to the lower court's inquiry into the reason why Appellant committed the underlying theft, Appellant blamed his drug problem and his association with a bad group of people.

At the conclusion of the hearing, the lower court found Appellant in violation of his parole, revoked his parole, and sentenced him to his back time. The lower court provided that Appellant would be immediately paroled if he served three months in prison without any misconduct and paid the restitution in full. Moreover, the lower court approved Appellant for immediate work release. Appellant filed a motion to modify his sentence, which the lower court subsequently denied. On November 29, 2016, Appellant filed a timely notice of appeal. Appellant also complied with the lower court's direction to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant lists the following issues for our review in his appellate brief:

A. Did the trial court err in incarcerating Appellant for violation of parole for failure to pay restitution without conducting a formal ability to pay hearing?

B. Did the trial court err in its decision that … Appellant's failure to maintain restitution payments was willful and not the result of financial hardship?

C. Did the trial court err in imposing an effectively impossible financial condition of parole, to wit parole only upon full payment of over four thousand dollars of restitution while incarcerated?

D. Did the trial court impose an unduly harsh penalty given the nature of the parole violation?

Appellant's Brief, at 4.

In his first two claims, Appellant challenges the lower court's finding that he violated his parole by failing to pay restitution, as Appellant claims that the lower court did not properly assess his ability to pay in determining that Appellant willfully refused to pay the restitution. On appeal of the revocation of parole, "the sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa.Super. 2008) (quoting *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa.Super. 1993)). Further, this Court has provided the following:

> the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.

*Kalichak*, 943 A.2d at 290–91 (citations omitted).

As an initial matter, we point out that Appellant ignores the fact that the trial court found that Appellant's failure to pay restitution **and** his continued drug use were violations of his parole. Even without discussing the issue of Appellant's failure to pay restitution, Appellant's violation of the parole condition of refraining from drug use was a sufficient basis for the lower court

to revoke Appellant's parole. **See Mitchell**, 632 A.2d 934 (finding technical violations of parole conditions are sufficient to warrant parole revocation).

In addition, there is no merit to Appellant's claim that the lower court erred in finding a parole violation on the basis of his failure to pay restitution. In **Bearden v. Georgia**, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court of the United States held that a revocation court may not revoke a term of probation for the probationer's failure to pay fines absent certain considerations. Specifically, the High Court provided the following:

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

**Id**. at 672, 103 S.Ct. at 2073, 76 L.Ed.2d at 233 (footnote omitted). Thereafter, in **Commonwealth v. Dorsey**, 476 A.2d 1308, 1312 (Pa.Super. 1984), this Court applied the **Bearden** holding in the context of a parole revocation hearing and determined that the revocation court was required to

inquire into the reasons for the defendant's failure to pay and determine whether his failure to pay was willful. *Id*.

Our review of the record in this case clearly shows that the lower court conducted a sufficient inquiry into Appellant's ability to pay restitution. At Appellant's third revocation hearing, Appellant was thoroughly questioned on his finances. It is uncontested that even after Appellant's monthly restitution had been lowered to $25.00 each month, Appellant only made one $77.00 payment during the entire 2016 year. Appellant admitted that he was employed at a Subway restaurant and lived in his parents' residence. While Appellant suggested that he would give nearly his entire paycheck to his parents and generally referred to financial difficulties his family was facing, he conceded that his parents did not require that he pay them rent and did not specify any particular bills or financial obligations he had for himself or to his parents.

When the lower court asked how much Appellant spends each month on marijuana, Appellant asserted that he never pays for marijuana as his friends give him drugs for free. The lower court specifically found Appellant's testimony lacked credibility as his "claim of financial hardship was belied by his continuous history of drug use." Trial Court Opinion, 4/10/17, at 3. Further, the lower court pointed out that "[t]he money [Appellant] spent to support his drug habit could have and should have been applied to his outstanding restitution obligation." *Id*. As Appellant did not set forth any

hardship that would have reasonably prevented him from paying restitution, we conclude that the trial court did not err in revoking Appellant's parole.

In his last two claims, Appellant argues that the revocation court imposed an "unduly harsh penalty" in recommitting him for the balance of his sentence and conditioning parole on his payment of restitution, as Appellant asserts that he only committed technical violations of his parole. Appellant's Brief, at 4. In support of this appeal, Appellant characterizes his parole revocation as a probation revocation governed by 42 Pa.C.S. § 9771 and attempts to argue that the revocation court abused its discretion in imposing a new "sentence." Appellant's Brief, at 16.

However, Appellant fails to acknowledge this Court's precedent distinguishing probation and parole revocation:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. ***Commonwealth v. Mitchell***, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. ***Id.*** Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. ***Id.*** At some point thereafter, the defendant may again be paroled. ***Id.***
>
>> [FN6: Plainly, we are speaking of cases where the authority to grant and revoke parole is in the hands of the original sentencing court. Such cases occur when the maximum term of the original sentence involves incarceration of less than two years. ***Commonwealth v. Tilghman***, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995); 61 P.S. § 331.26. When the sentence actually imposed on a defendant includes a maximum term of two years or more, the authority to parole rests not with the sentencing court but with the Pennsylvania Board of Probation and

> Parole. **Tilghman**, 652 A.2d at 391; 61 P.S. §§ 331.17, 331.21.]
>
> ***
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. **Mitchell**, 632 A.2d at 936. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. **Id**.
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. [**Commonwealth v.**] **Galletta**, 864 A.2d [532,] 539 [(Pa.Super. 2004)]. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. **Id**. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. **Commonwealth v. Shimonvich**, 858 A.2d 132, 135 (Pa.Super. 2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. **Id**.

**Kalichak**, 943 A.2d at 290–91.

Appellant's attempt to appeal his recommitment as an "unduly harsh penalty" is a challenge to the discretionary aspects of sentence. As stated above, such a challenge is improper in the appeal of the revocation of Appellant's parole and is wholly frivolous.

To the extent that Appellant's arguments can be characterized as a challenge to the propriety of the lower court's exercise of discretion in revoking Appellant's parole and recommitting him to the balance of his sentence with conditions imposed for parole, this claim is also meritless. As noted above, Appellant's continued drug use and his failure to pay restitution were sufficient grounds to revoke Appellant's parole and recommit him to the balance of his

sentence. *See Mitchell*, *supra*. Appellant's course of conduct that warranted three separate parole violation hearings demonstrated his complete disregard for the court's authority. It was reasonable for the lower court to find that recommitment was in order as parole was not a "viable means of rehabilitating [Appellant] and deterring future antisocial conduct." *Kalichak*, 943 A.2d at 290–91.

Moreover, while Appellant argues that the lower court improperly conditioned his parole on his payment of restitution in full, the lower court had the authority to recommit Appellant to serve the entire balance of his without setting conditions that would allow Appellant to seek parole. *See Commonwealth v. Stark*, 698 A.2d 1327, 1333 (Pa.Super. 1997) (clarifying that "in Pennsylvania, there is no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence"). Accordingly, we conclude that the lower court did not abuse its discretion in revoking Appellant's parole and recommitting him to serve the balance of his original sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017