J-S35005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA SCOTT SCHAUER, | |
| Appellant | No. 1994 MDA 2017 |

Appeal from the Judgment of Sentence Entered November 22, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000761-2012

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 27, 2018**

Appellant, Joshua Scott Schauer, appeals from the judgment of sentence of 16 months' to 10 years' incarceration, imposed after he was convicted by a jury of delivering a controlled substance, criminal use of a communication facility, and two counts of conspiracy.  On appeal, Appellant seeks to challenge certain aspects of his sentence.  Additionally, his counsel, Joseph A. Crowe, Esq., has petitioned to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's convictions are not pertinent to his present appeal.  We only note that a jury convicted Appellant of the above-

stated crimes on March 7, 2013. On June 26, 2013, Appellant was sentenced to an aggregate term of 2 to 10 years' incarceration, which included a mandatory minimum sentence under 18 Pa.C.S. § 6317 (Drug-free school zones). On appeal from that judgment of sentence, this Court concluded that Appellant's mandatory minimum sentence was illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Accordingly, we vacated Appellant's judgment of sentence and remanded for resentencing. **See Commonwealth v. Schauer**, 120 A.3d 390 (Pa. Super. 2015) (unpublished memorandum).

On March 18, 2015, Appellant was resentenced to 18 months' to 10 years' incarceration. Appellant appealed, and this Court again vacated and remanded for resentencing, this time because the trial court had failed to state any reasons for the sentence it had imposed. **See Commonwealth v. Schauer**, No. 722 MDA 2015, unpublished memorandum at 6-7 (Pa. Super. filed July 28, 2016).

On August 31, 2016, Appellant was resentenced to a term of 16 months' to 7 years' incarceration. On appeal, this Court vacated his sentence for a third time, after *sua sponte* concluding that the trial court had improperly reduced Appellant's maximum sentence from 10 to 7 years in an effort to afford him credit for time served. We reasoned that the court should have instead ordered that Appellant be given credit for time served "against the maximum term" as mandated by 42 Pa.C.S. § 9760(1). **See Commonwealth v. Schauer**, No. 161 MDA 2017, unpublished memorandum at 5-6 (Pa. Super.

- 2 -

filed Aug. 22, 2017). Accordingly, we vacated Appellant's sentence and remanded for another resentencing hearing.

On November 22, 2017, the court resentenced Appellant to a term of 16 months' to 10 years' incarceration. Appellant filed a timely notice of appeal. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, preserving the following issues for our review:

A. Whether the trial court erred in not calculating [Appellant's] credits correctly.

B. Whether the trial court erred in ordering and placing [Appellant] in prison despite [Appellant's] already serving his minimum sentence.

C. Whether the trial court erred by improperly sentencing [Appellant].

Appellant's Rule 1925(b) Statement, 1/8/18, at 1 (single page). On February 7, 2018, the trial court filed an order, seemingly in an attempt to satisfy Rule 1925(a). Therein, the court stated that it was affirming its November 22, 2017 judgment of sentence, and cursorily explained that it "finds all alleged errors lack merit," and that the transcript from the resentencing hearing "demonstrate[s] the reasons for [its] order and address[es] the alleged errors." Trial Court Order, 2/7/18, at 1 (single page).

Attorney Crowe thereafter filed with this Court a petition to withdraw and an **Anders** brief, discussing Appellant's three, above-stated issues, and concluding that each is frivolous. Attorney Crowe also concludes that Appellant has no other, non-frivolous claims that he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Crowe's **Anders** brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Crowe also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant first seeks to challenge the trial court's calculation of his credit for time served. Appellant preliminarily contends that the trial court erred by increasing his maximum term of incarceration from 7 years (imposed at the August 31, 2016 resentencing hearing) to the current maximum of 10 years. However, as discussed *supra*, this Court directed the trial court to make this change in our memorandum decision issued on August 22, 2017. **See Schauer**, No. 161 MDA 2017, unpublished memorandum at 5-6 (concluding that under 42 Pa.C.S. § 9760(1), the court was required to "set its intended sentence and *then* appl[y] three years' credit to the maximum term of that

sentence[,]" rather than reducing the set maximum term by three years as the trial court had done) (emphasis in original). Accordingly, we agree with Attorney Crowe that the court did not err in resentencing Appellant to a maximum term of 10 years' imprisonment.

We also discern no merit to Appellant's claim that he did not receive adequate credit for time served. At the resentencing hearing on November 22, 2017, Appellant informed the court that he had been incarcerated on this case since June 22, 2013, and, therefore, he was entitled to credit for 4 years and 5 months of time served. N.T. Sentencing Hearing, 11/22/17, at 3. The court gave him credit for that exact amount of time. *Id.*; *see also* Written Sentencing Order, 11/22/17, at 2 (unnumbered). Consequently, we agree with Attorney Crowe that his time-credit challenge is frivolous.

Next, Appellant avers that the trial court erred by not granting him immediate parole at the November 22, 2017 resentencing hearing. However, as Attorney Crowe points out, because Appellant's maximum sentence exceeded 2 years' imprisonment, the trial court did not have the authority to grant him parole. *See Anders* Brief at 9. Rather, the Parole Board retains the exclusive power to grant parole in this case. *See* 61 Pa.C.S. § 6132(a)(1)(i) (stating that the Parole Board "shall have exclusive power: to parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution"); *see also Commonwealth v. Tilghman*, 652 A.2d 390, 391 (Pa. Super. 1991) ("When an offender is

sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum is two years or more, authority to grant or revoke parole is vested in the Parole Board.") (citations omitted).  Accordingly, we agree with Attorney Crowe that Appellant's second issue is frivolous.

In Appellant's final issue, he seeks to assert a challenge to the court's sentencing discretion in imposing an aggregate term of 16 months' to 10 years' incarceration.  However, Appellant did not raise any such claim at his sentencing hearing, or in a post-sentence motion.  Accordingly, he has waived his discretionary-aspects-of-sentencing issue for our review.  ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citation omitted).

In sum, we agree with Attorney Crowe that the issues Appellant seeks to raise on appeal are frivolous.  Additionally, our independent review of the record reveals no other, non-frivolous issues that he could raise herein. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/27/2018</u>