# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Caccese,                          :
                        Petitioner        :
                                          :
        v.                                :    No. 832 C.D. 2018
                                          :    Submitted: March 8, 2019
Pennsylvania Board of Probation           :
and Parole,                               :
                        Respondent        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: April 17, 2019**


Vincent Caccese (Caccese), an inmate at a state correctional institution, petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied administrative relief. Caccese argues the Board improperly assumed parole supervision over him, in that the sentencing judge in Montgomery County retained jurisdiction for supervision and parole regarding Caccese's Montgomery County convictions. Thus, he contends the Board erred by including his Montgomery County convictions in calculating his maximum sentence date. Upon review, we affirm the Board's order.


## I. Background

Caccese has a history of criminal convictions for driving under the influence of alcohol and controlled substances, as well as various related charges. Of relevance here, in 2013 Caccese received a prison sentence in Montgomery County of 3 months 28 days to 5 years, with a minimum sentence date of December

26, 2013 and a maximum sentence date of August 28, 2018. In 2014 he received a prison sentence in Bucks County of 90 days to 1 year 11 months, with a minimum sentence date of May 21, 2014, and a maximum sentence date of August 21, 2015. He also received a consecutive sentence of 90 days.

Caccese was released on parole in October 2014, but was repeatedly recommitted by the Board and sentenced to serve backtime as a technical parole violator (TPV). While on reparole in 2016, Caccese was charged with new crimes in Bucks County. In December 2016, Caccese received sentences of 6 to 12 months and 10 days to 23 months plus 12 months' probation on the new charges. The Board thereafter recommitted Caccese as a convicted parole violator (CPV). Currently, Caccese's recalculated maximum sentence date is January 27, 2020.

In February 2017, Caccese sought administrative relief from the Board's exercise of supervision over his Montgomery County convictions. The record does not indicate the Board's decision, but relief was apparently denied, as the Board is still supervising the Montgomery County convictions.

In August 2017, Caccese sought administrative relief from the Board's recalculation of his maximum sentencing date following his new Bucks County convictions. In May 2018, the Board affirmed its recalculation of Caccese's maximum sentence date. Caccese's petition for review followed.

## II. Discussion

Caccese points out that the sentencing judge in Montgomery County checked a form indicating an intent to retain jurisdiction in the county for purposes

2

of sentencing supervision and parole. In his petition for review, Caccese argues the Board therefore was not permitted to include his Montgomery County convictions in recalculating his maximum sentence. We discern no merit in this argument.

Caccese fails to develop his argument in any meaningful way. He does not cite authority other than two sections of the Vehicle Code, 75 Pa. C.S. §§3804(d) and 3815; nor does he otherwise develop the argument by legal analysis applying facts and law. Therefore, he has waived his argument. D.Z. v. Bethlehem Area Sch. Dist., 2 A.3d 742 (Pa. Cmwlth. 2010) (failure to develop issue or cite authority for it in argument section of brief constitutes waiver).

Further, under 42 Pa. C.S. §9762(b), sentences with maximum terms of five or more years must be committed to the Department of Corrections (Department) for confinement in state prison. Notably, the maximum term described in Section 9762(f) refers to "the entire continuous term of incarceration to which a person is subject," even if that term includes multiple sentences, sentences imposed for violations of probation, and sentences on recommitment for violations of parole. 42 Pa. C.S. §9762(f). Even where sentences are to be served concurrently, they are aggregated for purposes of determining whether they must be served in state or county prison. See Commonwealth v. Jamison, 652 A.2d 862 (Pa. Super. 1995), affirmed sub nom. Commonwealth v. Tilghman, 673 A.2d 898 (Pa. 1996).

Here, Caccese received a sentence with a five-year maximum in Montgomery County. Accordingly, Section 9762 mandates service of Caccese's prison term in state prison, unless some exception applies.

Section 3815(a) of the Vehicle Code, cited by Caccese, allows a sentencing court to retain jurisdiction over parole for certain offenses related to driving under the influence of alcohol or controlled substances. 75 Pa. C.S. §3815(a). However, the county court's authority in that regard is limited: "The power of the sentencing judge to grant parole shall apply only to those offenders whose sentences are being served in a county prison pursuant to 42 Pa.C.S. §9762 … or [75 Pa. C.S. §]3804(d)." Id.

As discussed above, 42 Pa. C.S. §9762 does not authorize service of Caccese's Montgomery County sentence in county prison. Thus, to establish his entitlement to serve his sentence in county prison, Caccese must demonstrate that 75 Pa. C.S. §3804(d) applies.

Section 3804(d) of the Vehicle Code provides that, notwithstanding the limitations of 42 Pa. C.S. §9762, a county court may order that a sentence be served in county prison if, "after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2) …." 75 Pa. C.S. §3804(d). In turn, Section 3814 of the Vehicle Code contemplates a formal assessment process by the Department of Health, the county agency responsible for county drug and alcohol programs, or clinical personnel of a facility licensed by the Department of Health to provide drug and alcohol treatment programs. 75 Pa. C.S. §3814(3). That assessment must consider public safety issues, and it must also provide recommendations on length of stay, levels of care, and follow-up care and monitoring. 75 Pa. C.S. §3814(4).

4

Unfortunately, Caccese does not cite to any parts of Section 3814 of the Vehicle Code, 75 Pa. C.S. §3814, nor does he otherwise explain how these provisions apply here. As a result, we lack sufficient guidance to review this possible issue, and we deem it waived. D.Z.

Accordingly, the Board correctly determined that it, not the county court, had jurisdiction over Caccese's supervision and parole.

### III. Conclusion

Based on the foregoing, we affirm the Board's order.

ROBERT SIMPSON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Caccese, : 
        Petitioner : 
                     : 
        v. : No. 832 C.D. 2018
                     : 
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 

# **O R D E R**

**AND NOW**, this 17th day of April, 2019, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

ROBERT SIMPSON, Judge