**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS AMIN MOORE | : | |
| | : | |
| Appellant | : | No. 1304 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003481-2018

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 13, 2019**

Appellant, Marquis Amin Moore, appeals from the judgment of sentence entered on March 20, 2019, after the trial court found him in violation of his parole.  On appeal, Appellant's counsel filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.  On May 24, 2018, Appellant was arrested and charged with knowing and intentional possession of a controlled substance pursuant to 35 P.S. § 780-113(a)(16) and possession of drug paraphernalia under 35 P.S.

_____

* Former Justice specially assigned to the Superior Court.

§ 780-113(a)(32). *See* Police Criminal Complaint, 5/24/18. On June 28, 2018, Appellant entered a guilty plea to simple possession and the trial court sentenced him to three to 23 months' incarceration. One of the conditions of Appellant's sentence required him to complete and follow the recommendations of Diagnostic Services at the Delaware County jail, including drug and alcohol evaluations.

On February 11, 2019, Delaware County's Adult Probation and Parole Services Department (the department) issued a request for a *Gagnon II*[1] hearing in which it alleged that Appellant engaged in inappropriate behavior during two sessions of a drug and alcohol program. This conduct included the use of foul language, aggressive gesturing, stealing supplies, extorting other participants, and making inappropriate remarks toward instructors. On February 22, 2019, the department issued a *Gagnon II* hearing report in which it recommended that Appellant be held in violation of the terms of his parole and that he be sentenced to serve his full back time.

The trial court convened a hearing on March 20, 2019 to consider Appellant's alleged parole violations.[2] At the hearing, Appellant did not contest his alleged conduct and the trial court found him in violation of his parole. Consequently, the court sentenced Appellant to 398 days' back time,

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[2] The date on which Appellant was released on parole is not immediately clear from the record.

- 2 -

in accordance with the recommendations of the department. In addition, the court ordered Appellant to undergo a psychiatric evaluation.

Appellant filed a counseled notice of appeal on April 18, 2019. Thereafter, on April 24, 2019, the court ordered Appellant to file and serve a concise statement pursuant to Pa.R.A.P. 1925(b). On May 13, 2019, counsel for Appellant filed a statement pursuant to Pa.R.A.P. 1925(c)(4) declaring that he intended to file an **Anders** brief and seek leave to withdraw. The trial court issued its opinion on June 11, 2019.

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and **Anders** brief. We have previously determined:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues,

we will deny the petition and remand for the filing of an advocate's brief.

Our Supreme Court has clarified portions of the **Anders** procedure:

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Upon review, counsel has complied with all of the foregoing requirements pursuant to **Anders** and **Santiago**. Appellant has not responded. Thus, we proceed to review the issue set forth in counsel's **Anders** brief before conducting an independent review of the record to discern if there are non-frivolous issues overlooked by counsel. **Id.**

Counsel for Appellant identifies only a single issue which arguably supports this appeal. This claim alleges that the trial court imposed an unduly harsh and excessive sentence in view of the trivial nature of Appellant's alleged violations and the trial court imposed a sentence of incarceration without regard to counsel's arguments. **See Anders** Brief at 3. In support of this claim, counsel asserts that Appellant's sentence was unduly harsh and

excessive since "the mitigating circumstances presented in the record far outweigh[ed] the need to impose the amount of jail time" ordered by the trial court. *Id.* at 8.

It is well-settled that discretionary sentencing challenges do not lie in the context of an appeal from the revocation of parole.

> [A] parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id*. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id.* At some point thereafter, the defendant may again be paroled.[3] *Id*.
>
> Therefore, the purposes of a court's parole-revocation hearing— the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole. *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004).
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of

---

[3] Plainly, we are speaking of cases where the authority to grant and revoke parole is in the hands of the original sentencing court. Such cases occur when the maximum term of the original sentence involves incarceration of less than two years. *Commonwealth v. Tilghman*, 652 A.2d 390, 391 (Pa. Super. 1995). When the sentence actually imposed on a defendant includes a maximum term of two years or more, the authority to parole rests not with the sentencing court but with the Pennsylvania Board of Probation and Parole. *Tilghman*, 652 A.2d at 391.

law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. **Mitchell**, 632 A.2d at 936. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. **Id.**

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. **Galletta**, 864 A.2d at 539. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. **Id.** Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. **Commonwealth v. Shimonvich**, 858 A.2d 132, 135 (Pa. Super. 2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. **Id.**

**Commonwealth v. Kalichak**, 943 A.2d 285, 290-291 (Pa. Super. 2008) (footnote in original).

The **Anders** brief argues that the trial court's sentence was unduly harsh and excessive given the technical nature of Appellant's admitted parole violations and the asserted minimal need for incarceration for the period designated by the trial court. Since it is well-settled that such challenges are not cognizable in the context of an appeal from the revocation of parole, it is clear that Appellant is not entitled to relief on this issue. Finally, we have conducted an independent review of the entire record as required by **Anders** and have not identified any other non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/19