652 A.2d 858

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James HALL, Appellee. (Two Cases.)**

Superior Court of Pennsylvania.

Argued Nov. 1, 1994.

Filed Jan. 12, 1995.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John W. Packel, Asst. Public Defender, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

OLSZEWSKI, Judge:

The Commonwealth contests the grant of parole from two sentences imposed on appellee, James Hall, in this consolidated appeal. Following a bench trial on December 12, 1988, appellee was convicted in Philadelphia municipal court of indecent assault and corrupting the morals of a minor. Appellee took a *de novo* appeal to the court of common pleas. On December 11, 1991, appellee pled guilty before the Honorable Mary D. Collins to charges of attempted indecent assault and corrupting the morals of a minor. Judge Collins imposed two consecutive six- to twenty-three-month sentences.

On November 19, 1992, the Prison Population Management Unit of the Philadelphia Prisons System petitioned the sentencing court for early parole on behalf of appellee. The Commonwealth opposed on the grounds that the trial court did not have jurisdiction to grant parole when, as in this case, the aggregate maximum consecutive sentence imposed equals or exceeds twenty-four months. Judge Collins agreed. A second parole application to the sentencing court was denied. In response, Judge Collins specifically ordered that all the documentation necessary to make a parole determination be submitted to the Pennsylvania Board of Probation and Parole ("Parole Board"). R.R. at 91a. The Parole Board assumed jurisdiction and denied parole. Subsequently, the Defender Association of Philadelphia filed a new petition for parole with the trial court on behalf of appellee. This time, however, Judge Collins granted appellee early parole on March 17, 1994, on the charge of attempted indecent assault, and, on March 23, 1994, on the charge of corrupting the morals of a minor. The Commonwealth appeals both of these orders.

374 

 The Commonwealth argues that the trial court improperly usurped the exclusive statutory authority of the Parole Board by granting Mr. Hall early parole.[1] We first note that when a sentence is ordered to be served consecutively with another being imposed or previously imposed, the two sentences are automatically aggregated. *Commonwealth v. Harris,* 423 Pa.Super. 190, 197–99, 620 A.2d 1175, 1179, *allocatur denied,* We also note that

> [u]nder Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole (Parole Board). When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the Parole Board. *See* 61 P.S. §§ 331.17, 331.21, 331.26; *see also* Wile, *Probation and Parole,* 58 Pa.B.A.Q. 119, 121 (1987); Wile, *An Overview of the Parole Revocation Process in Pennsylvania,* 92 Dickinson L.Rev. 1, 2–3 & n. 1 (1987).

*Commonwealth v. McDermott,* 377 Pa.Super. 623, 631, 547 A.2d 1236, 1239–40 (1988). The issue before this Court is whether the common pleas court retains jurisdiction in matters regarding parole when each component sentence imposed has a maximum of less than two years but the aggregate maximum consecutive sentence imposed is two years or more. The answer to this question today, as it has been each time this issue has come before this Court, is emphatically no.

In addressing this very question in *Commonwealth v. Evola,* 421 Pa.Super. 595, 618 A.2d 969 (1992), *allocatur denied,* 535

---

1. The Commonwealth has or will have raised this same issue in appeals from orders granting early parole in the following cases: *Commonwealth v. Tilghman,* No. 01350 Philadelphia 1994; *Commonwealth v. Jamison,* No. 01042 Philadelphia 1994; *Commonwealth v. Palmer Daley,* No. 1351 Philadelphia 1994: *Commonwealth v. Jack Glover,* Nos. 1449 and 1509 Philadelphia 1994; *Commonwealth v. Clifford Ferron,* Nos. 1660 and 1663 Philadelphia 1994; *Commonwealth v. Donald Brown,* No. 1943 Philadelphia 1994; *Commonwealth v. Richard Sanders,* No. 2258 Philadelphia 1994; *Commonwealth v. Marcellus Hopkins,* No. 2441 Philadelphia 1994.

Pa. 666, 634 A.2d 1114 (1993), and more recently in *Commonwealth v. Harris, supra,* we have clearly stated that the Parole Board has exclusive authority over parole matters when the aggregate maximum sentence equals or exceeds two years. *Harris,* 423 Pa.Super. at 197–99, 620 A.2d at 1179; *see also Evola,* 421 Pa.Super. at 599 n. 3, 618 A.2d at 971 n. 3 (holding that the court of common pleas had no authority to grant early parole when defendant's aggregate sentence for imposed consecutive sentences is two or more years); *McDermott,* 377 Pa.Super. at 631, 547 A.2d at 1240 ("The common pleas court loses its authority to parole an offender sentenced to a maximum term of less than two years when a subsequent sentence is imposed consecutively to the previous sentence and the new aggregate maximum sentence exceeds two years.") (citation omitted).

We based our holding in *Harris* on an application of the opinions in *Gillespie v. Commonwealth Department of Corrections,* 106 Pa.Commw. 500, 527 A.2d 1061 (1987), *allocatur denied,* 518 Pa. 614, 540 A.2d 535 (1988), and *Commonwealth v. Ford–Bey,* 404 Pa.Super. 281, 590 A.2d 782 (1991); and on an interpretation of the clear statutory provisions of 61 P.S. Section 331.17. Both we and the Commonwealth Court in *Ford–Bey* and *Gillespie,* respectively, interpreted 42 Pa.C.S.A. Section 9757 to mandate the automatic aggregation of sentences once a consecutive sentence has been imposed.[2] The Parole Board's powers regarding parolees is defined in 61 P.S. Section 331.17, which reads in part:

> The [Parole Board] shall have exclusive power to parole and reparole, commit and recommit for violations of parole,

---

**2.** "Whenever the court determines that a sentence should be served consecutively to one being imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9757. *See also Abraham v. Department of Corrections of the Commonwealth of Pennsylvania,* 150 Pa. Commw. 81, 615 A.2d 814 (1992), *aff'd,* 535 Pa. 122, 634 A.2d 214 (1993) (aggregating consecutive sentences is mandatory; since this is not discretionary with the trial court, this interpretation of 42 Pa.C.S.A. Section 9757 does not violate the separation of powers doctrine).

and to discharge all persons from parole heretofore or hereafter sentenced by any court of this Commonwealth to imprisonment in any prison or penal institution thereof. . . . Provided, however, That . . . the powers and duties herein conferred shall not extend to persons sentenced to a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereinafter authorized by law to be imposed for criminal offenses.

61 P.S. § 331.17. The decision, therefore, to parole or not parole prisoners whose aggregate maximum consecutive sentence imposed equals or exceeds two years is within the domain of the Parole Board, even if each and every individual component maximum sentence would have been less than two years. *Harris,* 423 Pa.Super. at 197–202, 620 A.2d at 1179–81. "Upon aggregation the trial court loses its authority over the aggregated sentence." *Id.* 620 A.2d at 1181.

The trial court relied upon the Commonwealth Court's opinion in *Abraham v. Dept. of Corrections of the Commonwealth of Pennsylvania,* 150 Pa.Commw. 81, 615 A.2d 814 (1992), *aff'd,* 535 Pa. 122, 634 A.2d 214 (1993), in supporting a contrary proposition to our holding in *Harris.* In *Abraham* the Commonwealth Court stated that "for the purpose of determining place of confinement and parole, a county sentence shall not be aggregated with any later-imposed sentence." *Id.* at 95, 615 A.2d at 820. The only question at issue in *Abraham* was, what is the proper place of confinement for prisoners whose aggregate maximum sentence is five or more years? [3] Because the court in *Abraham* was dealing with the

3. The court in *Abraham* was applying 42 Pa.C.S.A. Section 9762 to cases where a prisoner's aggregate maximum consecutive sentence, as

issue of the situs of a prisoner's confinement, any reference to a determination of who has the authority over the decision to grant parole was *obiter dictum.*

We reaffirm our recent analysis of *Abraham.* "Decisions of the Commonwealth Court are not binding on this Court and should be followed only when the reasoning contained therein is persuasive. Based on our own analysis of the pertinent statutes ... we find that the Commonwealth Court's discussion in *Abraham* was not only unnecessary but unpersuasive." *Harris,* 423 Pa.Super. at [207–08], 620 A.2d at 1184 (citation omitted). In *Harris* we held that the Commonwealth Court ignored "the plain meaning of the language of section 331.17." *Id.*

The only reason we revisit this issue is because our Supreme Court affirmed, *per curiam,* the order in *Abraham. Abraham v. Dept. of Corrections of Pennsylvania,* 535 Pa. 122, 634 A.2d 214 (1994). Appellee argues that this decision by the Supreme Court overruled, *sub silentio,* our decision in *Harris.* We disagree. "[A] *sub silentio* overruling will rarely be found to [be] ... intended." *Commonwealth v. Cragle,* 281 Pa.Super. 434, 422 A.2d 547, 549 (1980). The Supreme Court's ruling only affirmed, without opinion, the Commonwealth Court's order issued in *Abraham,* an order dealing strictly with assigning the appropriate (state or county) place of confinement. We do not believe that this was intended to overrule *Harris. See Commonwealth v. Johnson,* 399 Pa.Su-

opposed to the individual component sentences imposed, equals or exceeds five years. This section reads:

§ 9762. Sentence Proceeding: place of confinement

All persons sentenced for a total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Corrections for confinement:

(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court:

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Correction for confinement.

per. 266, 272, 582 A.2d 336, 339 (1990) (refusing to find a holding overruled *sub silentio* when different issues were presented); *cf. Harris*, 423 Pa.Super. at 201–02, 620 A.2d at 1181 (finding that a sentencing court was not given power to parole a criminal defendant serving a five- to ten-year sentence by our Supreme Court's *per curiam* order issued in *Georgevich v. Court of Common Pleas of Allegheny County*, 510 Pa. 285, 507 A.2d 812 (1986), when that order did not mention this type of aggregate sentence). We hold that *Harris* is still fully applicable to cases such as the one at bar; the decision of whether or not to parole a person whose aggregate maximum consecutive sentence is equal to or exceeds two years is the Parole Board's, notwithstanding the fact that the individual component sentences each may have had a maximum of less than two years.

Appellee was improperly granted an early parole. Order reversed. This matter is remanded for proceedings consistent with this decision. Jurisdiction relinquished.