J-S17026-16

2016 PA Super 78

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ROBERT JAMES FINLEY, | |
| Appellee | No. 1174 WDA 2015 |

Appeal from the Order July 14, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001949-2013

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

OPINION BY SHOGAN, J.:                                    **FILED APRIL 5, 2016**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"),[1] appeals from the order entered on July 14, 2015, that granted Appellee, Robert James Finley, early parole. After careful review, we reverse the order and remand for further proceedings consistent with this Opinion.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On January 25, 2016, Attorney William T. Fullerton filed a motion to withdraw his appearance as counsel for the Commonwealth due to his separation from the Butler County District Attorney's Office. In that same motion, Assistant District Attorney Mark A. Lope moved to enter his appearance on behalf of the Commonwealth in this matter. The motion is granted. Attorney Fullerton is hereby permitted to withdraw, and Attorney Lope's appearance is entered on behalf of the Commonwealth.

The record reveals that at 3:14 a.m., on August 3, 2013, Sergeant Timothy Clark of the Butler Township Police Department responded to the report of an unconscious person sitting behind the wheel of a gray vehicle in a McDonald's parking lot. Affidavit of Probable Cause, 10/18/13, at 1. When Sergeant Clark, who was assisted by Officer Tedeski of the Butler City Police Department, arrived at the scene, they approached the gray vehicle and saw an individual unconscious in the driver's seat. *Id*. Officer Tedeski noticed an empty bottle of Smirnoff Ice on the floor of the suspect's car. *Id*. Sergeant Clark knocked on the driver's window and woke the driver. *Id*. Sergeant Clark asked the driver to open the window and asked him if he had been drinking. *Id*. The driver, who had glassy, bloodshot eyes, opened the window, but he denied consuming alcohol. *Id*. Sergeant Clark then directed the driver to exit the vehicle. *Id*. Rather than alight from the car, the driver closed the window and revved the engine. *Id*. Sergeant Clark grabbed the driver's door handle, but the driver shifted the car into gear and fled. *Id*. Sergeant Adam of the Butler City Police responded as back-up, and pursued the fleeing vehicle. *Id*. During this pursuit, Sergeant Adam had the lights and siren on his police vehicle activated. *Id*. Despite the pursuit, the police officers lost sight of the gray car. *Id*. at 2. However, during his investigation, Sergeant Clark learned that the vehicle was registered to Samantha Sekura from West Mifflin, Pennsylvania. *Id*. After discussions

with the West Mifflin Police Department, Sergeant Clark determined that Appellee was the driver of the gray vehicle. *Id*.

Appellee was subsequently arrested and charged with recklessly endangering another person ("REAP") and numerous violations of the Pennsylvania Motor Vehicle Code. On September 12, 2014, Appellee entered guilty pleas to one count each of fleeing/attempting to elude police,[2] REAP,[3] habitual offender,[4] driving while operating privileges were suspended-DUI related,[5] and reckless driving.[6] On October 29, 2014, the trial court sentenced Appellee to a term of ninety to 180 days of incarceration followed by twenty-four months of probation for fleeing/attempting to elude police, six to twelve months of incarceration for REAP, thirty to sixty days of incarceration for habitual offenders, a flat sentence of ninety days for driving while operating privileges were suspended-DUI related,[7] and a fine for reckless driving. The trial court

_____

[2] 75 Pa.C.S. § 3733(a).

[3] 18 Pa.C.S. § 2705.

[4] 75 Pa.C.S. § 6503.1.

[5] 75 Pa.C.S. § 1543(b)(1).

[6] 75 Pa.C.S. § 3736.

[7] The flat sentence of ninety days is an exception to the minimum and maximum sentencing requirements set forth in 42 Pa.C.S. § 9756. *See Commonwealth v. Klingensmith*, 650 A.2d 444 (Pa. Super. 1994)
*(Footnote Continued Next Page)*

ordered the sentences to be served consecutively. Thus, as for the felony and the misdemeanor offenses, the trial court imposed an aggregate sentence of ten to twenty months of incarceration. As for the summary offense of driving while operating privileges were suspended-DUI related, the trial court imposed a consecutive term of ninety days of incarceration. Therefore, the aggregate sentence was thirteen to twenty months of incarceration. The trial court deferred commitment until November 23, 2014. However, because of a credit for time served of two days, the effective date of commitment was November 21, 2014. Post-sentence motions were filed and denied; Appellee did not file a direct appeal.

On June 26, 2015, Appellee filed a motion for early parole. Following a hearing, which was held on July 13, 2015, the trial court granted Appellee early parole in an order filed on July 14, 2015. On July 28, 2015, the Commonwealth filed a timely appeal.

On August 12, 2015, the trial court directed the Commonwealth to file a statement of errors complained of on appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied, and on September 18, 2015, the trial court filed its Pa.R.A.P. 1925(a) opinion.[8]

_(Footnote Continued)_ ───────────────────

(discussing the relationship between 42 Pa.C.S. § 9756 and 75 Pa.C.S. § 1543(b)).

[8] We conclude that this Court has jurisdiction in this matter. **_See_** 42 Pa.C.S. § 9781(a) (stating that the defendant or the Commonwealth may
_(Footnote Continued Next Page)_

On appeal, the Commonwealth presents one question for this Court's consideration:

Whether the court of common pleas committed an error of law by granting a motion for early parole without legal authority?

Commonwealth's Brief at 7 (full capitalization omitted).

We recognize that "[w]hen an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole[.]" **Commonwealth v. Hanson**, 856 A.2d 1254, 1258 (Pa. Super. 2004) (citation omitted). Additionally, when the defendant is eligible for parole, the trial court's decision to grant parole is a discretionary act, and it is subject to appellate review under an abuse of discretion standard. **Commonwealth v. Romolini**, 557 A.2d 1073, 1077 (Pa. Super. 1989).

However, in the case at bar, we are not faced with a challenge to an order granting early parole to **an eligible defendant**. Rather, the issue in the instant case concerns the authority of the trial court to grant early parole to a defendant prior to that defendant completing his minimum sentence, *i.e*, **an ineligible defendant**. This determination requires an examination of the requirements for sentences of total confinement and parole eligibility

*(Footnote Continued)* ─────────────────

appeal as of right the legality of a sentence); and **see Commonwealth v. Hall**, 652 A.2d 858 (Pa. Super. 1995) (reversing an order granting parole and addressing a Commonwealth appeal from a trial court's illegal grant of parole) and **Commonwealth v. Jamison**, 652 A.2d 862 (Pa. Super. 1995) (same).

set forth in 42 Pa.C.S. § 9756. Therefore, our examination of this issue is one of statutory interpretation, which is a question of law. Accordingly, as with all questions of law, our scope of review is plenary and our standard of review is *de novo*. ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011).

The Pennsylvania Sentencing Code provides, in relevant part, as follows:

**Sentence of total confinement**

**(a) General rule.--**In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.

**(b) Minimum sentence.--**

(1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

(2) **The minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence unless otherwise authorized by this section or other law.**

(3) Except where the maximum sentence imposed is two years or more, and except where a mandatory minimum sentence of imprisonment or total confinement is required by law, **the court shall, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the minimum sentence.** For maximum sentences of less than two years as

> defined under section 9762(f) (relating to sentencing proceeding; place of confinement), **a court may parole a defendant prior to the expiration of the minimum sentence only if the defendant was made eligible to participate in a reentry plan at the time of sentencing.** The court shall provide at least ten days' written notice and an opportunity to be heard, pursuant to section 9776 (relating to judicial power to release inmates), to the prosecuting attorney before granting parole pursuant to this subsection. The reentry plan eligibility shall be considered a part of the sentence and subject to the requirements relating to the entry, recording and reporting of sentences.

42 Pa.C.S. § 9756(a) and (b) (emphases added).

As noted above, when the trial court imposed sentence, Appellee was not eligible for parole on the felony and misdemeanor convictions until his minimum sentence expired on September 21, 2015. If paroled on that date, Appellee would then have to serve his flat ninety-day sentence on the summary offense conviction. Nothing in the record or in the sentencing order provided that Appellee was eligible for an early reentry program that would allow for parole prior to Appellee serving his minimum sentence. Yet, when the trial court granted Appellee parole on July 14, 2015, Appellee had served less than nine months.

Appellee contends that the trial court did not err in granting early parole. Appellee's Brief at 11. He avers that "he was essentially made eligible for reentry when the [s]entencing order specifically state[d] that the county will retain parole jurisdiction." *Id*. We disagree. As discussed, in order to be eligible for early parole, the trial court is required to make an

early reentry determination on the record at the time of sentencing. 42 Pa.C.S. § 9756(b)(3). A trial court's imposition of a county sentence and retention of parole authority does not satisfy section 9756(b)(3) and make a defendant eligible for parole prior to the expiration of his minimum sentence.

Accordingly, due to the fact that the trial court had not made Appellee eligible for early parole at the time of sentencing, and because Appellee had not served his minimum sentence, Appellee was not parole eligible. Therefore, the trial court was without authority to grant Appellee's motion for early parole.[9] 42 Pa.C.S. § 9756(b). For these reasons, the July 14, 2015 order that granted Appellee early parole is reversed, and we remand this case for further proceedings consistent with this decision.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

P.J. Gantman joins the Opinion.

Justice Fitzgerald concurs in the result.

_____

[9] The trial court conceded that it erred in granting Appellee early parole, and it requested this matter be remanded in order for that error to be corrected. Trial Court Opinion, 9/18/15, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2016