J-S47014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KRYSTLE LYNN TREECE | |
| Appellee | No. 11 MDA 2020 |

Appeal from the Order Entered December 2, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001856-2019

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 10, 2021**

Appellee, Krystie Lynn Treece, pleaded guilty to her fourth offense for driving under the influence of marijuana ("DUI"),[1] for which the mandatory minimum was one year's imprisonment.  The court sentenced Appellee to one to five years' imprisonment.  Several months after beginning her sentence, Appellee moved for early parole.  The court granted her motion and permitted her to serve the duration of her mandatory minimum at home instead of in prison.

The Commonwealth appeals the order granting early parole to this Court.  We reverse.  Early parole is not permissible because she must serve her entire one-year mandatory minimum sentence for DUI in prison.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802.

On August 26, 2019, Appellee pleaded guilty to driving under the influence of marijuana in violation of 75 Pa.C.S.A. § 3802(d), her fourth such violation. She was not eligible for intermediate punishment because it was her fourth offense within ten years. N.T., 8/26/19, at 2 (guilty plea hearing). Under 75 Pa.C.S.A. § 3804, her crime was a Tier 3 offense[2] that required a one-year mandatory minimum sentence of imprisonment. The trial court sentenced Appellee to one to five years' imprisonment in county prison. *Id.* at 7. The trial court denied Appellee's request for release from custody to safeguard her employment during the work release application process.

Appellee lives in a rental property and has full custody over her children. Prior to her imprisonment in this case, Appellee was gainfully employed. While in prison, she attended relapse prevention classes, AA meetings, and church. Appellee's mother assisted by caring for Appellee's children and taking over rental payments.

On October 28, 2019, Appellee moved for early parole on the ground that her children were suffering physically and emotionally due to her imprisonment. During a hearing on December 2, 2019, noting the great difficulty, beyond mere hardship, suffered by Appellee's family, the trial court granted her early parole and ordered her confined at home for the remainder of her mandatory minimum period. On December 31, 2019, the

---

[2] As discussed in greater depth below, Pennsylvania has three tiers of sentence schemes for DUI offenses.

Commonwealth appealed to this Court. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

The Commonwealth raises two issues in this appeal:

I. Whether the sentencing court erred as a matter of law in granting parole where [Appellant] had been sentenced [to] 1-5 years' incarceration for a 4th offense DUI, but only served 115 days of her mandatory 1-year sentence?

II. Whether the sentencing court erred in releasing [Appellant] to house arrest as the sentencing court lacked jurisdiction to sentence [Appellant] to house arrest to satisfy the mandatory minimum sentence on a 4th offense DUI?

Commonwealth's Brief at 4. We address these questions together because they raise the same issue—whether the trial court properly granted early parole to Appellee. In our view, early parole from mandatory minimum DUI sentences is unavailable under two DUI statutes, 75 Pa.C.S.A. §§ 3804 and 3815.

We have jurisdiction to decide an appeal by the Commonwealth from an order granting early parole to the defendant. 42 Pa.C.S.A. § 9781 (Commonwealth may appeal as of right the legality of a sentence); *Commonwealth v. Finley*, 135 A.3d 196, 200 n.8 (Pa. Super. 2016) (citing *Commonwealth v. Hall*, 652 A.2d 858 (1995), and *Commonwealth v. Jamison*, 652 A.2d 862 (1995)) (concluding that Superior Court had jurisdiction to address Commonwealth's appeal from trial court's grant of early parole).

When we construe a statute, we must give effect to the legislature's intent and to all of the statute's provisions. 1 Pa.C.S.A. § 1921(a). The best indication of legislative intent is the plain language of the statute. *Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.*, 185 A.3d 282, 290-91 (Pa. 2018). In ascertaining the plain meaning, we consider the statutory language in context and give words and phrases their "common and approved usage." *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1027 (Pa. 2018). When statutory language is clear and unambiguous, courts must give effect to the words of the statute and must not disregard the text to implement its objective. *Id.*; 1 Pa.C.S.A. § 1921(b).

Pennsylvania's DUI laws are embodied in Chapter 38 of the Vehicle Code, 75 Pa.C.S.A. § 3801-3817 ("Driving After Imbibing Alcohol Or Utilizing Drugs"). Section 3802, 75 Pa.C.S.A. § 3802, provides a three-tier scheme for DUI offenses that punishes drivers with higher levels of alcohol in their blood more severely than drivers with relatively lower blood alcohol levels. Tier 1 includes individuals who (1) imbibe a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of a vehicle or (2) drive "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving ... the vehicle" and who drive with a blood alcohol concentration ("BAC") of at least 0.08% but less than 0.10%. *Id.*, § 3802(a). Tier 2 includes individuals who drive with a BAC of at least 0.10% but less

than 0.16%. **Id.**, § 3802(b). Tier 3 includes individuals who drive with a BAC of 0.16% or higher. **Id.**, § 3802(c). In addition, Section 3802(d) prohibits an individual from driving a vehicle while various controlled substances are in her blood, or while she is under the influence of a drug (or a combination of drugs and alcohol) that impairs her ability to drive safely. **Id.**, § 3802(d). Violation of Section 3802(d) is a Tier 3 offense. **Id.**

With this backdrop, we turn to Section 3804, the first of two statutes central to our analysis. Section 3804 provides that certain first-time DUI offenders "shall undergo a mandatory minimum term of six months' probation."[3] 75 Pa.C.S.A. § 3804(a)(1)(i). For second and subsequent DUI offenses, a DUI offender "shall be sentenced" to "undergo imprisonment" of "not less than" a prescribed length of time. 75 Pa.C.S.A. § 3804(a) (Tier 1 offenses), 3804(b) (Tier 2 offenses), 3804(c) (Tier 3 offenses). Four-time offenders such as Appellee "shall . . . undergo imprisonment . . . of not less than" one year. 75 Pa.C.S.A. § 3804(c)(3)(i).

---

[3] There are multiple exceptions to this rule. Many first-time DUI offenses require imprisonment, such as offenses that involve (1) high or highest rates of alcohol, (2) controlled substances, (3) operation of commercial or school vehicles, (4) operation by a minor, (5) operation of a vehicle with a minor occupant, or (6) an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property. **See** 75 Pa.C.S.A. §§ 3802, 3804.

Pennsylvania courts have held, in the course of construing a predecessor DUI statute, 75 Pa.C.S.A. § 3731,[4] and other statutes, that the plain meaning of "imprisonment" is involuntary detention in a correctional institution. **Commonwealth v. Kyle**, 874 A.2d 12, 17 (Pa. 2005) (construing meaning of "imprisonment" within Section 3731); **Commonwealth v. Kriston**, 588 A.2d 898, 899-900 (Pa. 1991) (construing Section 3731; noting that many statutes in Judiciary Code, Title 42, "demonstrate a legislative intent that sentences of imprisonment are to be served in institutional settings"); **Commonwealth v. Nobles**, 198 A.3d 1101, 1106-07 (Pa. Super. 2018) (construing 42 Pa.C.S.A. § 9760(1), which governs credit for time served in custody). Imprisonment does not include electronic home monitoring. **Kriston**, 588 A.2d at 900-01 ("[i]f the legislature had intended that it would be sufficient for an offender to stay at home, it would not have used the term 'imprisonment,' which, by its plain and ordinary meaning and by legislative references to confinement found in the Sentencing Code, must be taken to mean confinement in an institution").

Given the plain meaning of "imprisonment" and the decisions cited above, we conclude that Section 3804's text, "shall . . . undergo imprisonment . . . of not less than" a minimum prescribed period, requires involuntary

---

[4] 75 Pa.C.S.A. § 3731 was repealed effective February 1, 2004 and replaced by the DUI statutory regime presently in effect, Chapter 38 of the Vehicle Code.

detention in a correctional institution for the entire minimum period. Had the legislature intended a different penalty, it would have expressly said so, as it did by prescribing probation for certain first-time offenders. It elected not to do so for repeat offenders such as Appellee, a choice that speaks volumes. The grant of early parole to Appellee is invalid under Section 3804, because it flies in the face of Section 3804's requirement that Appellee undergo imprisonment in a correctional institution for her entire mandatory minimum term of one year.

Nor does the second key statute, 75 Pa.C.S.A. § 3815, permit early parole from a mandatory minimum sentence. Section 3815, the lone DUI statute that expressly refers to the court's parole powers, provides in relevant part:

> **(a) County supervision.**--Notwithstanding the length of any maximum term of imprisonment imposed pursuant to sections 3803 (relating to grading) and 3804 (relating to penalties), and notwithstanding the provisions of section 17 of the act of August 6, 1941 (P.L. 861, No. 323), referred to as the Pennsylvania Board of Probation and Parole Law, the sentencing judge may grant parole under the supervision of the county parole system to any offender serving a sentence for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and, if applicable, serving any concurrent sentence of imprisonment for any misdemeanor offense arising from the same criminal episode as the violation of section 3802. The power of the sentencing judge to grant parole shall apply only to those offenders whose sentences are being served in a county prison pursuant to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement) or section 3804(d). The sentencing judge shall declare his intention to retain parole authority and supervision at the time of sentencing in cases in which he would not otherwise have parole authority and supervision.

**(b) Parole.**—

(1) An offender who is determined pursuant to section 3814 (relating to drug and alcohol assessments) to be in need of drug and alcohol treatment shall be eligible for parole in accordance with the terms and conditions prescribed in this section following the expiration of the offender's mandatory minimum term of imprisonment.

*Id.* Section 3815(a) creates an exception to the Parole Board's authority by authorizing the sentencing court to retain parole authority over a DUI offender sentenced to serve a state sentence in county prison. Section 3815(b) provides that when the court directs a DUI offender to undergo drug and alcohol treatment, the offender is eligible for parole **after** the expiration of his mandatory minimum term of imprisonment. Neither Section 3815(a) nor Section 3815(b) states, or even hints, that early parole is available in a DUI case. Indeed, Section 3815(b)'s express reference to the availability of parole after completion of the mandatory minimum indicates that it is not available before completion. *See Commonwealth v. Ostrosky*, 866 A.2d 423, 430 (Pa. Super. 2005) ("[t]he maxim, *expressio unius est exclusio alterius*, establishes the inference that, where certain things are designated in a statute, all omissions should be understood as exclusions") (internal quotations omitted).

The trial court urges us to leave its early parole order intact based on a concurring opinion in *Commonwealth v. Pryor*, 500 A.2d 811 (Pa. Super. 1985), which contended that early parole was available under the DUI statute then in effect, 75 Pa.C.S.A. § 3731. *Id.* at 815-16. The concurring opinion

- 8 -

in **Pryor** is unpersuasive, because as we have held above, the plain language of Sections 3804 and 3815 precludes early parole.[5] We share the trial court's sympathy for Appellee's family, but that cannot override the letter of the law.

Order reversed. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judge Strassburger joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2021

_____

[5] Indeed, early parole was unavailable while Section 3731 was in effect. Our Supreme Court held several years after **Pryor** that Section 3731's requirement of mandatory minimum terms of "imprisonment" precluded early parole. **Kriston**, 588 A.2d at 900 ("parole cannot be granted for one who has been found guilty of driving under the influence of alcohol until the mandatory minimum sentence has been served").