J-A25010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNY BROWN :
:
Appellant : No. 2431 EDA 2024

Appeal from the Judgment of Sentence Entered August 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000711-2022

BEFORE: LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED JANUARY 15, 2026**

Kenny Brown appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following the revocation of his probation. After careful review, we vacate Brown's judgment of sentence and remand for further proceedings consistent with this decision.

On January 16, 2022, police arrested Brown after he struck his cousin, Rodney Gardner, in the head with a hammer. On May 11, 2022, Brown entered into a negotiated guilty plea wherein he agreed to plead guilty to simple assault and recklessly endangering another person (REAP), in exchange for a negotiated sentence of 11½ to 23 months' incarceration for his simple assault charge, followed by 2 years' probation for his REAP charge. On the same day, the trial court accepted Brown's guilty plea and imposed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

negotiated sentence. Also on May 11, 2022, the trial court entered an order directing Brown to be immediately paroled once a bed became available at any treatment facility. *See* Order, 5/11/22, at 1.

As it is relevant to our disposition, Brown's sentence was a county sentence and, immediately upon his being sentenced, he was transported to the Philadelphia Industrial Correctional Center, a county jail in Philadelphia. Brown's period of incarceration was projected to end on December 16, 2023, a total of 699 days. Further, we set forth the following periods of time, based upon when Brown was actually serving time on his sentence, as these calculations are relevant to our disposition.

Prior to his guilty plea and sentence, Brown was incarcerated from January 16, 2022, to May 11, 2022, a total of 116 days, which the trial court credited as time served. On May 11, 2022, Brown was ordered to be paroled immediately to Kirkbride Center (Kirkbride) for treatment. However, it was not until August 8, 2022 that Brown was actually released to Kirkbride. Brown left Kirkbride without completing treatment. Brown successfully reported to Adult Probation and Parole Department (APPD) once, where he tested positive for PCP and was instructed to enter an inpatient treatment facility or warrants would be issued. Ultimately, Brown failed to report to APPD on September 20, 2022, which resulted in the issuance of warrants. Brown absconded until April 13, 2023, when he was arrested and returned to custody. Between August 8, 2022, and April 13, 2023, Brown was either released from incarceration or absconding for a total of 248 days.

After Brown was arrested on April 13, 2023, the trial court placed a detainer on Brown, but, on August 28, 2023, lifted the detainer and ordered Brown be paroled to Pathways to Recovery (Pathways). On September 18, 2023, Brown was released to Pathways. Brown's period of incarceration from April 13, 2023, to September 18, 2023, totaled 159 days.

Brown completed treatment at Pathways from September 18, 2023, to November 15, 2023, a total of 59 days. However, during this time, on October 19, 2023, Brown stopped reporting to APPD. Brown again absconded until December 12, 2023, a total of 84 days,[1] at which time he was arrested and returned to custody.

On December 19, 2023, the trial court released Brown pending his violation of probation[2] (VOP) hearing and directed him to report to APPD the next day, December 20, 2023. Brown was incarcerated for a total of 8 days at this time. Brown failed to report on December 20, 2023, and further failed to report on December 28, 2023. Brown failed to appear at the VOP hearing on January 3, 2024, and, as a result, the trial court issued more warrants and

_____

[1] We note that this period of time can be broken down into three distinct periods. First, Brown was in Pathways from September 18, 2023, until November 15, 2023, a total of 59 days. Additionally, and overlapping, the second period of time wherein Brown was failing to report to APPD occurred between October 19, 2023, and December 12, 2023, a total of 55 days. Third, the entire period of time from September 18, 2023 to December 12, 2023, was 84 days.

[2] We note that the trial court believed Brown was violating his probation at this point and began VOP proceedings against him. Accordingly, we refer to the proceedings as such. However, as we set forth *infra*, Brown was actually violating his parole.

Brown had, once again, absconded. Brown was ultimately detained again on April 21, 2024, 123 days after he had been released on December 19, 2023. Brown remained in custody during the pendency of the VOP proceedings.

On April 23, 2023, APPD filed a *Gagnon I*[3] summary report, in which it indicated that Brown was in violation of his probation. In particular, APPD indicated that Brown was a serial absconder and had failed to comply with treatment objectives.

On April 25, 2024, May 2, 2024, and August 1, 2024, APPD filed *Gagnon II* summary reports indicating the same as above and detailing Brown's continued absconding.

On August 7, 2024, 109 days after Brown was returned to custody, the trial court conducted a *Gagnon II* hearing, after which it concluded that Brown had violated his probation, revoked his probation, and sentenced him to a new 11½-to-23-month period of incarceration. Brown did not file a post-sentence motion.

Brown filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He now raises the following claims for our review:

> 1. Did the [trial] court lack authority under 42 Pa.C.S.[A.] § 9771 to impose a prison sentence, where [Brown] absconded from probation but there was no evidence that he could not be safely diverted from total confinement?

---

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

2. Did the [trial] court illegally sentence [Brown] for a "third or subsequent" technical violation, where [Brown] had never previously been found in violation of probation?

Brief for Appellant, at 2.

Prior to addressing any of Brown's claims, we must discern whether Brown was serving parole or probation at the time of the revocation, as such a determination is necessary to conclude whether Brown's probation was illegally anticipatorily revoked. *See Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (stating "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed"); *see also Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) ("challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*").

"A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). It is well-established that "[i]f no statutory authority exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de*

*novo* and our scope of review is plenary." ***Wolfe***, 106 A.3d at 802 (citation omitted).

Brown absconded several times during his parole and, while an absconder, his sentence was tolled. ***See Commonwealth v. Stafford***, 29 A.3d 800, 804 (Pa. Super. 2011) ("a defendant's sentence does not run while he is an absconder and not under supervision") (citation omitted); ***see also Commonwealth v. Ortega***, 995 A.2d 879, 885 (Pa. Super. 2010) ("courts of this Commonwealth have long rejected the notion that the sentence of an absconder or delinquent parolee continues to run, as if it were being served, to the point of expiring on its scheduled expiration date") (disapproved of on other grounds by ***Commonwealth v. Foster***, 214 A.3d 1240 (Pa. 2019)).

Generally, the Pennsylvania Parole Board has exclusive parole jurisdiction over state sentences, or consecutive county sentences, which result in a maximum sentence of two or more years' incarceration. ***See Commonwealth v. Finley***, 135 A.3d 196, 199 (Pa. Super. 2016). However, where a sentence of incarceration does not exceed two years, the trial court retains parole jurisdiction. ***See id.***; ***see also*** 42 Pa.C.S.A. § 9776(a) (trial courts have parole jurisdiction over inmates in county correctional facilities "[e]xcept . . . if the Pennsylvania Parole Board has exclusive parole jurisdiction"); ***id.*** at § 9756(a), (b) (trial courts may parole defendant prior to expiration of minimum sentence where it makes defendant eligible for reentry plan at time of sentencing).

Instantly, we conclude that Brown was on parole when the trial court revoked his probation, and, thus, the trial court's anticipatory revocation of probation is illegal. *See Commonwealth v. Simmons*, 262 A.3d 512, 527-28 (Pa. Super. 2021) (en banc) (holding trial court may not anticipatorily revoke probation when defendant commits violation of supervision while on parole but before probationary period has begun). In total, Brown was actually incarcerated for 392 days between January 16, 2022 and August 7, 2024. He was either released for inpatient treatment or absconding from his parole obligations for 543 days. We note that a trial court may, but is not required to, credit a defendant for time spent on parole and compliant with his obligations. *See Stafford*, *supra*. However, even if the trial court had given him credit, which it did not, due to the afore-mentioned belief that Brown was serving his probation sentence, Brown had served only 551 days of his 699-day maximum. Therefore, under either scenario, Brown was still serving his parole time. Thus, the trial court's revocation of his probation sentence was illegal, as it was anticipatory. *See Simmons*, *supra*. Accordingly, we vacate Brown's judgment sentence, and remand for a parole violation hearing.[4]

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for a parole violation hearing. Jurisdiction relinquished.

_____

[4] In light of our disposition, we decline to address Brown's claims.

- 7 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026